UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Richard H. Maclean, Jr. | ) | C/A No.: 8:07-cv-0330-GRA-BHH |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Donald Bauknecht, Warden, | ) | |
| FCI, Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.. For the foregoing reasons, this Court ADOPTS the magistrate's Report and Recommendation.

## **Background**

Petitioner was convicted in the United State District Court for the Middle District of Florida and sentenced to forty-eight months imprisonment for conspiracy to obstruct grand jury investigation, obstruction of administration of justice, tampering with a witness, and tampering with evidence. (Pet. ¶ 8-9.) He is currently serving his sentence at FCI Williamsburg. (Pet. ¶ 2.) On July 31, 2006, Petitioner was sentenced to thirty-three months imprisonment and three years of supervised probation for tax evasion. (Pet. ¶ 9.)

1

Petitioner filed this action on February 1, 2007, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of the Bureau of Prison's ("BOP") regulations, 28 C.F.R. §§ 570.20 and 570.21, which outline the procedures for determining when an inmate will be placed in a halfway house, also known as a Residential Reentry Center ("RRC").[1] (Pet. ¶ 1.) He also argues that the BOP incorrectly calculated his eligibility date for transfer to an RRC. *Id.*

Respondent filed a motion to dismiss on March 28, 2007. An order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on March 29, 2007. On April 13, 2007, the petitioner filed his opposition to the motion to dismiss. The magistrate judge issued her Report and Recommendation on September 17, 2007, recommending that the respondent's motion to dismiss be denied and the petitioner's habeas writ be granted.

### **Standard of Review**

Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

---

[1] Prior to March 31, 2006, the BOP referred to RRCs as Community Correctional Centers or CCCs.

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Respondent filed objections on October 4, 2007. Petitioner filed his objections on October 9, 2007. The Court will address each objection.

## Applicable Law

Before the Court addresses each party's objections, it is important to first outline the applicable statutes and regulations.

Title 18, United States Code, section 3621 provides, in relevant part:

> **(b) Place of imprisonment**.-The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence-
>
> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b).

> Section 3624(c) of Title 18 states:
>
> **(c) Pre-release custody.**-The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c).

> As the magistrate noted:
>
> Prior to December 2002, the BOP had a policy of placing prisoners in a RRC for up to six months, regardless of the total length of the inmate's sentence. *See* BOP Program Statement 7310.04. However, in December 2002, the Office of Legal Counsel for the Department of Justice concluded that this practice was inconsistent with § 3624(c) and in its opinion this subsection limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. The BOP adopted the Office of Legal Counsel's interpretation of the statute. Thereafter, numerous habeas petitions challenging the December 2002 policy were filed. The First and Eighth Circuits found the policy contrary to the plain meaning of § 3621(b).
>
> In 2005, the BOP created new regulations to address placement of inmates in RRCs. 28 C.F.R. §§ 570.20-21. These regulations state that the BOP has engaged in a "categorical exercise of discretion" and choosing to "designate inmates to [RRC] confinement . . . during the last ten percent of the prison sentence being served not o exceed six months." *Id.* One of the new regulations expressly prohibits placement of prisoners in RRCs prior to the pre-release phase of imprisonment and provides:
>
>> When will the Bureau designate inmates to community confinement?

>    (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
>    (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority for example, residential substance abuse treatment program . . . or shock incarceration program) . . . . 28 C.F.R. § 570.21.

Report and Recommendation, p. 3-4 (citations omitted).

## Analysis

### I.    Exhaustion of Remedies

The respondent first argues that the petition should be dismissed because the petitioner has failed to exhaust his administrative remedies. Resp't's. Obj., p. 1. The magistrate judge concluded that it would be futile for Petitioner to have to exhaust his administrative remedies, since Petitioner is attacking the validity of 28 C.F.R. §§ 570.20 and 570.21. Report and Recommendation, p. 5. Several other courts have directly addressed this issue and concluded that it would be futile for a § 2241 petitioner to exhaust administrative remedies under these circumstances, because the habeas petition is attacking the validity of the BOP regulations, not their application. *See*, *e.g.*, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (upholding the district court's finding that exhaustion would be futile when a petitioner attacks the validity of the BOP regulations); *Dunkley v. Hamidullah*, No. 6:06-cv-2139, 2007 WL 2572256, at * 4 (D.S.C. August 31, 2007) ("exhaustion would be futile

'because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c).'") (quoting *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004)).  Moreover, the exhaustion requirements for § 2241 petitions are not mandated by statute; rather, they are judicially imposed.  *Dunkley*, 2007 WL 2572256, at * 4.  As such, courts may waive the exhaustion requirement.  *Id.*

While the Fourth Circuit "has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions." *Id.* (citing *LaRue v. Adams*, 2006 WL 1674487, at * 8 (S.D. W. Va. June 12, 2006)).  Although it is undisputed that Petitioner failed to exhaust his administrative remedies before filing his § 2241 petition, the Court finds that exhaustion is waived.  Therefore, the Court finds that Respondent's first objection is without merit and DENIES the Motion to Dismiss on this issue.

## II.    Calculation of Ten Percent

The petitioner's objections relate to the BOP's calculation of ten percent of his sentence.  Petitioner objects to the magistrate's interpretation of the phrase "term to be served" in § 3624(c).  Specifically, Petitioner argues that the phrase "term to be served" in § 3624(c) should be interpreted to mean the *actual sentence imposed*, not the time which is *actually being served*.  Applying step one of *Chevron*, the magistrate first concluded that this language is not ambiguous, because Congress intended for the phrase "term of imprisonment" in § 3624(c) to mean the actual sentence imposed and that Congress could have chosen to use that same phrase in the latter part of the

sentence if it had intended to employ the same meaning. However, Congress chose to use the phrase "term to be served" instead of "term of imprisonment; therefore, the magistrate concluded that "[b]y employing different phrases 'term of imprisonment' and 'term to be served' in the same sentence, it may be presumed that Congress intended different meanings for each phrase." Report and Recommendation, p. 7 (citing *Moreland v. Fed. Bureau of Prisons*, 363 F. Supp. 2d 882, 886 (S.D. Tex. 2006). Accordingly, the magistrate determined that the phrase "term to be served" is not ambiguous and that the BOP's interpretation of it, as the actual time served, is correct.

However, the magistrate did not end her analysis there. She recognized, as the Fourth Circuit did in *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526, 532 (4th Cir. 2005), that "these presumptions may be overcome when a close reading of the statute indicates inconsistent usage of identical phrases . . . ." *Id.* As the magistrate noted, the Fourth Circuit in *Yi* acknowledged that the phrase "term of imprisonment" in § 3624(b) was ambiguous, because the phrase meant "the actual sentence imposed and actual time to be served, depending on the subsection of § 3624." *Id.* The Fourth Circuit concluded that the BOP's interpretation of "term of imprisonment" under § 3624(b) was a reasonable interpretation and deferred to that interpretation. *Id.* (citing *Yi*, 412 F.3d at 534). Likewise, the magistrate reasoned that the BOP's interpretation of the phrase "time to be served" under § 3624(c), as the amount of time actually served, was also a reasonable one. *Id.* at 8.

Finally, Petitioner argues that the BOP's interpretation of § 3624(c) is grammatically incorrect; therefore, the phrase "term to be served" should mean the sentence actually imposed. Pet'r's Obj., p. 5. However, this objection is without merit.

After reviewing the language of the statute, the Court agrees with the magistrate's conclusion that the BOP's interpretation of the statute is reasonable and defers to the BOP's calculation of the ten percent which is based upon the actual sentence served rather than the actual sentence imposed. Therefore, Petitioner's objections are without merit and Respondent's Motion to Dismiss is GRANTED on this issue.

**III.   Validity of the BOP Regulations**

The BOP applied the 2005 regulations to the petitioner's sentence and determined his eligibility date for placement in a halfway house to begin on November 11, 2008. Report and Recommendation, p. 2. The petitioner, however, asks the Court to order the BOP to reconsider him for RRC eligibility, without regard to the 2005 regulations. He claims that by disregarding the 2005 regulations, he would be eligible for release to an RRC beginning on October 7, 2008. *Id.* Thus, the issue before this Court is whether the 2005 regulations, 28 C.F.R. §§ 570.20-21, are invalid because they permit the BOP to "categorically restrict placement of an inmate in an RRC for the last ten percent of the sentence, not to exceed six months without consideration of the criteria set forth in § 3621(b)." *Id.* at 9.

Respondent objects to the magistrate's determination that the BOP's 2005 regulations are invalid. In her Report and Recommendation, the magistrate stated:

> While the Fourth Circuit Court of Appeals has not ruled on this issue, four other circuits have held that the current BOP regulations are invalid because the factors set forth in § 3621(b) cannot be fully considered when the amount of time an inmate is in an RRC is categorically limited by the regulations to the lesser of six months or ten percent of a sentence without any consideration of individual circumstances.

Report and Recommendation, p. 9 (citing *Wedelstedt v. Wily*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 80-82 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); and *Woodall*, 432 F.3d at 235). The respondent states that "the basic premise of the Magistrate Judge's recommendation is that the Bureau's rule interpreting 18 U.S.C. § 3624(c) conflicts with the mandate of 18 U.S.C. § 3621(b) that the BOP consider the five factors set forth therein in any placement of an inmate." Resp't's Obj., p. 4. The respondent objects to this conclusion for several reasons.

The respondent first argues that at least one appellate judge dissented in each of the above-mentioned cases, finding the 2005 regulation to be a valid categorical exercise of the agency's discretion. *Id.* at 2. Thus, the respondent suggests that this leaves the issue "open for critical debate and consideration." *Id.* at 3. Next, the respondent states that although the Fourth Circuit has not ruled on this issue, "[s]everal district courts, both in and out of the circuit have agreed with the dissenting Circuit Judges, holding that the categorical exercise of discretion in the February Rule is appropriate." *Id.*

The magistrate ruled with the Courts of Appeals which have decided this issue and held that the 2005 regulations are invalid.  The magistrate found the reasoning of the Second, Third, Eighth, and Tenth Circuits persuasive and concluded "that the plain text of the statute does not authorize the BOP to limit RRC placement only to those inmates serving the last ten percent of six months of their sentences."  *Id.* at 10.  Applying *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984),[2] the magistrate stated that "[t]he intent of § 3621(b) is clear.  It requires the BOP to consider five factors when designating a prisoner's place of imprisonment . . . ."  *Id.*  Therefore the magistrate reasoned that, "there is no need to defer to the BOP's interpretation of § 3621(b)."  *Id.* at 11 (citing *Fults*, 442 F.3d at 1090; *Wedelstedt*, 477 F.3d at 1167).  The magistrate also determined that even if § 3621(b) is

---

[2] In *Chevron* the Supreme Court created a two-step analysis for courts to apply when reviewing an agency's interpretation of a statute.  The Court stated:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation.  Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron*, 467 U.S. at 842-843 (footnotes omitted).

ambiguous, the BOP regulations would not be a proper interpretation of it. *Id.* This Court agrees.

Respondent's position is that "there is no conflict between the Bureau's rule and the two statutes." Resp't's Obj., p. 4. It argues that:

> [t]he Magistrate's reading would have the general statute, § 3621(b), control the application of the more specific statute, § 3624(c). . . . To do as the Recommendation suggests "would vitiate § 3642(c)'s 10% restriction, therefore violating the fundamental principle of statutory construction that courts must be reluctant to treat statutory terms as surplusage in any setting."

*Id.* (quoting *Cohn v. Bureau of Prisons*, 302 F.Supp.2d 267, 273 (S.D.N.Y. 2004) (internal quotations omitted). Moreover, the respondent claims that its interpretation of these two statutes is reasonable and should be entitled to deference. *Id.* at 5. However, this Court disagrees. As our sister court stated, in *Williams v. Pettiford*, No. 6:06-cv-1831, 2007 WL 2688561, at *6-7 (D.S.C. Sept. 10, 2007), the Tenth Circuit addressed this very argument in *Wedelstedt*.

> In *Wedelstedt,* the respondent appealed the district court's order "invalidating the BOP's categorical refusal to consider placing an inmate in a CCC until the last ten percent of his sentence." *Wedelstedt,* 477 F.3d at 1164. Relying on *Levine, Fults*, and *Woodall,* the district court determined it owed no deference to the BOP's interpretation of § 3621(b) because Congress had spoken on the "precise question at issue." *Id.* at 1165. On appeal, the respondent argued § 3621(b) was ambiguous if read alone and that as a result, it should be read in combination with § 3624(c). *Id.* at 1166. The Tenth Circuit disagreed:
>
>> Aside from referencing the congressional "policy" articulated in § 3624(c), . . . Respondent provides no support for the position that Congress intended § 3624(c) to modify or limit the BOP's placement discretion under § 3621(b). Nowhere does Respondent explain why or how §

12

> 3621(b) is incomplete or ambiguous unless it is read in context with § 3624(c).
>
> After considering the language of § 3621(b) and the relationship between its qualified grant of discretion and § 3624(c)'s affirmative obligation, this court sees no conflict between these statutory provisions. The statutory command in § 3621(b) stands alone as a clear and unambiguous articulation of congressional intent regarding the process by which the BOP should make placement and transfer decisions. Although § 3624(c) surely imposes an affirmative obligation on the BOP, whenever practicable, to place an inmate in a CCC or other form of community confinement as the inmate's release date nears, § 3624(c) has no bearing on whether a CCC may be considered as a place of imprisonment at some earlier point in a prisoner's period of incarceration. In this court's view, § 3624(c) has no bearing on whether §§ 570.20 and 570.21 are consistent with the § 3621(b) statutory scheme for BOP placement and transfer determinations.

*Id.* (citations omitted); *see also Woodall,* 432 F.3d at 250 ("[Section] 3624 does not determine when the BOP should *consider* CCC placement, but when it must *provide* it."); *Elwood v. Jeter,* 386 F.3d 842, 847 (8th Cir.2004) ("Under § 3621(b), the BOP may place a prisoner in a CCC for six months, or more. Under § 3624(c) the BOP must formulate a plan of pre-release conditions."); *Kiley v. Fed. Bureau of Prisons,* 333 F.Supp.2d 406, 413 n. 15 (D.Md. 2004) ("Reading § 3621(b) as authorizing the BOP to designate a prisoner to a CCC at the outset of his term would render § 3624(c) superfluous, the BOP contends. The Court disagrees. Section 3621(b) grants the BOP the discretion to designate prisoners to a CCC at the outset of their terms, while § 3624(c) mandates that the BOP move prisoners to a CCC or home confinement near the end of their terms."); *cf. Prows v. Fed. Bureau of Prisons,* 981 F.2d 466, 469 (10th Cir.1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."). Indeed, as the First Circuit stated, "while § 3624(c) clearly limits the BOP's discretion *not* to consider community confinement or other pre-release alternatives at the end of a prisoner's term, it does not prohibit the BOP from doing so earlier pursuant to a different grant of discretionary authority." *Goldings v. Winn*, 383 F.3d 17, 24 (1st Cir.2004). Finding the reasoning of the

> several Courts of Appeals to be persuasive, the court determines Respondents' objection is without merit.

*Williams*, 2007 WL 2688561, at *6 -7 (alterations in original). This Court agrees with the district court's reasoning in *Williams*, as well as the reasoning of the Second, Third, Eighth, and Tenth Circuits*.*

The respondent further argues that the BOP's categorical exercise of discretion in the 2005 regulations is consistent with the Supreme Court's holding in *Lopez v. Davis*, 531 U.S. 230 (2001).

> In *Lopez*, the Supreme Court addressed the BOP's categorical exercise of discretion under 18 U.S.C. § 3621(e)(2)(b), which stated that an inmate convicted of a non-violent offense could have his or her period of incarceration reduced after successfully completing a drug treatment program. The BOP had issued a regulation excluding inmates from early release under this provision if they were convicted of non-violent crimes involving firearms. 28 C.F.R. § 550.58(a)(1)(vi)(B). The Supreme Court upheld the regulation stating that nothing in the statute at issue prohibited "categorical exclusions." *Lopez*, 531 U.S. at 243, 121 S. Ct. 714.

*Id.* at *11 (quoting *Fults*, 432 F.3d at 1090-91). However, as the district court in *Williams* noted, *Lopez* may be distinguished. *See Id* at *12 (citing *Fults*, 432 F.3d at 1091 ("Subsection 3621(b) is different from § 3621(e)(2)(b) in that the former lays out criteria that *must* be considered by the BOP in making placement determinations.") (emphasis added)).[3]

---

[3] The Tenth, Second, and Third Circuits have also distinguished *Lopez*. *See Williams*, 2007 WL 2688561, at *15 n.2:

> The other Courts of Appeals rejected the BOP's *Lopez* argument. *See Wedelstedt*, 477 F.3d at 1167-68 ("Because we determine § 3621(b) to

Finally, Respondent argues that the legislative history of § 3624(c) indicates that the BOP's interpretation of the 2005 regulations is reasonable. Resp't's Obj., p. 9. The Court disagrees. As noted by the magistrate, both the Second and Third Circuits found that the legislative history supports the conclusion that the five factors are mandatory. Report and Recommendation, p. 12 (citing *Levine*, 455 F.3d at 71; *Woodall*, 432 F.3d at 245-46).

> A Report of the Senate Judiciary Committee, accompanying the enactment of § 3621, is informative. The report states:
>
>> In determining the availability or suitability of the facility selected, the Bureau is specifically required to consider such factors as the resources of the facility considered, the nature and circumstances of the offense, the history and characteristics of the prisoner, the statements made by the sentencing court concerning the purposes for imprisonment in a particular case, any recommendations as to type of facility made by the court, and any pertinent policy statements issued by the sentencing commission pursuant to proposed 28 U.S.C. § 994(a)(2). *After considering these factors*, the Bureau of Prisons *may* designate the place of imprisonment in an appropriate type of facility, or may transfer the offender to another appropriate facility. S. Rep.

---

be clear, unambiguous, and distinguishable from the statutory provision in *Lopez*, we reject Respondent's contention that *Lopez* validates the BOP's categorical rule in 28 C.F.R. § 570.21."); *Levine*, 455 F.3d at 84-87 (distinguishing the case before it from *Lopez* because at least three of the statutory factors that must be considered are specific to individual prisoners); *Woodall*, 432 F.3d at 247 ("In sum, individual determinations are required by § 3621(b). *Lopez* therefore does not control. While the BOP may exercise considerable discretion, it must do so using the factors the Congress has specifically enumerated.").

> No. 98-225 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3324-25 (emphasis added).
>
> This language is clear-the BOP must consider all of the listed factors. The report continues:
>
>> The Committee, by listing factors for the Bureau to consider in determining the appropriateness or suitability of any available facility, does not intend to restrict or limit the Bureau in the exercise of its existing discretion so long as the facility meets the minimum standards of health and habitability of the Bureau, but intends simply to set forth the appropriate factors that the Bureau should consider in making the designations. *Id.* at 3325 (emphasis added).
>
> The Senate report supports the proposition that Congress did not intend to limit the BOP's overall placement discretion to "designate the place of [a] prisoner's imprisonment." However, it is also clear that, before exercising that discretion, the BOP "should consider" each of the § 3621 factors. Because the 2005 regulations do not allow the BOP to consider the factors enumerated in § 3621, they are invalid.

*Woodall*, 432 F.3d at 245 -246.  This Court finds the reasoning of the Third Circuit persuasive and agrees that the legislative history supports the conclusion that the BOP's 2005 regulations are invalid.  Therefore, the respondent's objection, that the 2005 regulations are entitled to deference, is without merit and the Court DENIES the respondent's Motion to Dismiss as to this issue.

## **CONCLUSION**

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss be DENIED IN PART and GRANTED IN PART and that the petitioner's habeas writ be GRANTED IN PART.

IT IS FURTHER ORDERED that the Bureau of Prisons immediately consider the factors set forth in 18 U.S.C. § 3621(b) and without regard to the 2005 regulations in determining when the petitioner should be transferred to an RRC.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 5, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.